

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

REGINALD D. PATTON,  )  CASE NO. 3:08 CV 964
  )
    Plaintiff,  )  JUDGE DAVID A. KATZ
  )
v.  )
  )  OPINION AND ORDER
EDITH NNACHETAM, et al.,  )
  )
    Defendants.  )

On April 15, 2008, plaintiff *pro se* Reginald D. Patton, an inmate at the Marion Correctional Institution (MarCI), filed the above-captioned *in forma pauperis* action under 42 U.S.C. § 1983 against MarCI Food Service Supervisor Edith Nnachetam, and MarCI Warden Margaret Beightler. The complaint alleges that Mr. Patton choked on a piece of glass in his food from the MarCI Cafe. The glass, which he was later informed was plexiglass, was supposed to have been sent to Columbus. Instead, Mr. Patton was informed by an Institutional Inspector that the glass was thrown out. Plaintiff states he was afraid to eat after the incident, lost weight, and became depressed. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915(e).

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable

basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

It is well established that negligence cannot form the basis for a section 1983 action. *Daniels v. Williams*, 474 U.S. 327 (1986). Even construing the complaint liberally, the facts set forth appear, at most, to assert negligence on the part of defendants. *Dillon v. Wilson*, No. 85-5566, 1987 U.S. App. LEXIS 8173, (6th Cir. June 29, 1987)(affirming *sua sponte* dismissal on ground that complaint at most claimed negligence.)

Accordingly, this action is dismissed under section 1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAVID A. KATZ
UNITED STATES DISTRICT JUDGE

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).